**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CAROL ANN SMITH** | ) | **CASE NO.** |
| **c/o Kramer & Associates, L.P.A.** | ) | |
| **3214 Prospect Avenue East** | ) | **JUDGE** |
| **Cleveland, Ohio 44115** | ) | |
| | ) | **COMPLAINT** |
| **Plaintiff** | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PERKINS BOARD OF EDUCATION** | ) | |
| **1210 East Bogart Road** | ) | |
| **Sandusky, Ohio 44870** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DR. JAMES P. GUNNER,** | ) | |
| **INDIVIDUALLY AND IN HIS** | ) | |
| **CAPACITY AS SUPERINTENDENT** | ) | |
| **OF THE PERKINS LOCAL** | ) | |
| **SCHOOL DISTRICT** | ) | |
| **1210 East Bogart Road** | ) | |
| **Sandusky, Ohio 44870** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **STEPHEN P. FINN,** | ) | |
| **INDIVIDUALLY AND IN HIS** | ) | |
| **CAPACITY AS PRINCIPAL OF** | ) | |
| **BRIAR MIDDLE SCHOOL** | ) | |
| **3700 South Avenue** | ) | |
| **Sandusky, Ohio 44870** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **STEVE SCHUSTER, IN HIS** | ) | |
| **CAPACITY AS MEMBER OF THE** | ) | |
| **PERKINS BOARD OF EDUCATION** | ) | |
| **1210 East Bogart Road** | ) | |
| **Sandusky, Ohio 44870** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |

JOHN REDDAWAY, IN HIS            )
CAPACITY AS MEMBER OF THE        )
PERKINS BOARD OF EDUCATION       )
1210 East Bogart Road            )
Sandusky, Ohio 44870             )
                                 )
        and                      )
                                 )
BRIAN PRINTY, IN HIS             )
CAPACITY AS MEMBER OF THE        )
PERKINS BOARD OF EDUCATION       )
1210 East Bogart Road            )
Sandusky, Ohio 44870             )
                                 )
        and                      )
                                 )
TERRY CHAPMAN, IN HIS            )
CAPACITY AS MEMBER OF THE        )
PERKINS BOARD OF EDUCATION       )
1210 East Bogart Road            )
Sandusky, Ohio 44870             )
                                 )
        and                      )
                                 )
MATT KOSIOR, IN HIS              )
CAPACITY AS MEMBER OF THE        )
PERKINS BOARD OF EDUCATION       )
1210 East Bogart Road            )
Sandusky, Ohio 44870             )
                                 )
        Defendants               )
_____ )

## PRELIMINARY STATEMENT

1.   This Complaint arises out of the long term employment relationship between

     Plaintiff Carol Smith and Defendant Perkins Board of Education.

2.   Plaintiff charges that she was terminated because of her age and taking

     protected action under the federal and Ohio civil rights laws.   Plaintiff was

     further subjected to disparate working conditions based upon her disability

     and failure to follow reasonable accommodations for her disability. Finally, as

the result of intentional acts of the Defendant Board of Education, its officers, employees and agents, Mrs. Smith suffered from a medically diagnosed mental disability of Adjustment Disorder with Anxiety and Depressed Mood since August 2009.

3.    Defendants willfully and/or intentionally and/or recklessly imposed unfavorable, harassing terms and conditions of employment upon the plaintiff, and have assigned the plaintiff to duties that will permanently impair her professional advancement opportunities; and have assigned her menial tasks to humiliate and embarrass her in retaliation and based on her disability and for her having complained about unlawful conduct by the Defendants and filing a formal EEOC charges of discrimination against Defendant Perkins Board of education.

## JURISDICTIONAL STATEMENT

4.    Jurisdiction over this action is based on 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 42 U.S.C. § 1983.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

5.    Plaintiff has filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission, charge number 471-2010-01950.  A copy of the charge is attached as Exhibit A and incorporated by reference as if fully rewritten herein.

6.    A right to sue letter was issued on December 16, 2010 and subsequently received by the Plaintiff.  This Complaint is filed timely with respect to that Notice.

## PARTIES

7.  Plaintiff Carol Ann Smith was born on August 15, 1938.  Mrs. Smith had worked as a teacher for the Defendant Perkins Board of Education for nearly 34 years. She is a "qualified individual with a disability" under 42 U.S.C. § 12111(8).

8.  Defendant Perkins Board of Education is an employer under Ohio Revised Code Chapter 4112 and a person under 42 U.S. C. §1983.

9.  Defendant Dr. James P. Gunner has been the Superintendent for the Perkins Local School District since 2008 as a result of his position he is an employer under Ohio Revised Code Chapter 4112.

10.  Defendant Stephen P. Finn is the Principal of Briar Middle School and as a result of his position is an employer under Ohio Revise Code Chapter 4112.

11.  Defendants Steve Schuster, John Reddaway, Brian Printy, Terry Chapman, and Matt Kosior are all members of the Board of Education and as a result they are employers under Ohio Revised Code Chapter 4112 and persons under 42 U.S. C. §1983.

## FACTUAL ALLEGATIONS

12.  Plaintiff received her bachelor's degree from Bowling Green State University in August 1972.

13.  Beginning in September 1972, Plaintiff was employed for three years as the high school business teacher and varsity tennis coach for St. Paul's High School in Norwalk, Ohio.

14.     At the completion of the 1974-1975 school year, Plaintiff took a year off from teaching in order to complete her master's degree, which she received from Bowling Green State University in December 1976.

15.     In September 1976, Plaintiff began her employment with the Perkins Local School District as the business instructor at Perkins High School.

16.     In 1980, Plaintiff was awarded tenure and began a continuing contract with the Perkins Local School District.

17.     In addition to her responsibilities as the high school business instructor, Plaintiff has also taught American History at Briar Middle School during her tenure with Perkins Local Schools.

18.     From the time of her initial hiring in 1976 until the hiring of Dr. James P. Gunner as superintendent for the Perkins Local School District in 2008, Plaintiff received uniformly positive performance evaluations, was never subjected to any disciplinary action, and was never reported as being excessively tardy to or falling asleep in class.

19.     In 1992, medical testing performed in conjunction with surgery to repair an injury to Plaintiff's rotator cuff revealed that she had developed Type 2 diabetes.

20.     Plaintiff's diabetic condition was initially controlled by oral medication, but her condition deteriorated, and in or around 1999, she was prescribed injected insulin.

21.     In July 2005, Plaintiff had surgery to remove a cataract from her right eye; subsequent to the surgery, she suffered a serious staph infection and was on at least two occasions entirely without sight in the afflicted eye.

22.     After several surgeries, vision in Plaintiff's right eye was improved, but she remains highly sensitive to changes in light, which can require her to close her eyes for several minutes in order to adjust.

23.     On September 29, 2008, Plaintiff received notice of a disciplinary conference to be held with regard to incidents in which it was alleged that she was found to be sleeping on school premises during the school day while teaching at Briar Middle School.

24.     At the time of the purported incidents, Plaintiff in fact was not sleeping but rather was exhibiting symptoms of high blood sugar resulting from her diabetic condition.

25.     The next day, September 30, 2008, Plaintiff promptly furnished a letter documenting her disability and explaining its symptoms from her healthcare provider to Principal Stephen P. Finn of Briar Middle School.

26.     Nevertheless, on October 6, 2008, Finn placed a written reprimand predicated on the alleged incidents in Plaintiff's personnel file.  This reprimand deliberately mischaracterizes Plaintiff's response to the allegations of sleeping on school premises and explanation of her disability.  The reprimand indicates that "you indicated that a medical condition, more specifically diabetes, might be a contributing factor to your falling asleep in class," when in fact Plaintiff

denied sleeping in class and explained that episodes of high blood sugar can cause her to appear to be sleeping even though she is not.

27. Further, on October 8, 2008, Plaintiff received a memorandum informing her of a scheduled evaluation, the first of many that would be conducted over the subsequent eighteen (18) months in excess of the number of evaluations permitted for teachers on continuing contracts under the terms of the *Collective Bargaining Agreement between the Perkins Educational Association and the Perkins Board of Education*.

28. On October 14, 2008, Plaintiff submitted through counsel a written rebuttal to the reprimand to be placed in her personnel file.  On the same date, Plaintiff formally requested in writing that reasonable accommodation be made for her disability pursuant to 42 U.S.C. 12101, et seq., and O.R.C. 4112.02(G), to wit:

   a.  that staff members and administrators of Perkins Local Schools who work directly or in association with Plaintiff be familiarized with the symptoms of diabetes;

   b.  that if an individual observes Plaintiff appearing to be asleep, that individual approach her and ask if she requires assistance;

   c.  that if Plaintiff responds affirmatively, she be assisted in obtaining water, juice, or candy to help adjust her blood sugar;

   d.  that if Plaintiff does not respond, emergency medical assistance be summoned; and

   e.  that Plaintiff be provided with five- to ten-minute breaks as necessary to inject herself with insulin.

29. On November 18, 2008, Superintendent Gunner responded to Plaintiff's request for an accommodation as follows: (A) Plaintiff may keep snacks in the classroom and is permitted to inject herself with insulin in the event of an emergency if she first calls the office, waits for classroom coverage to arrive, and proceeds to the nurse's office to perform the injection; (B) Information will be provided to staff and to Plaintiff's students regarding diabetes, warning signs, and symptoms of low and high blood sugar levels.

30. Superintendent Gunner's purported accommodation conspicuously failed to address Plaintiff's request that verbal confirmation be obtained in the event that she appears to be asleep in order to determine that she actually is asleep and not merely undergoing an episode of high blood sugar; rather, the response specifically states that "further episodes of disorientation [or] sleepiness…would be treated as grounds for disciplinary action."

31. Further, Perkins failed to disseminate information on Plaintiff's disability to students and staff, instead informing Plaintiff that it was her responsibility to do so if she so chose.

32. Plaintiff after making the request for accommodation Defendant Dr. James P. Gunner and Defendant Stephen P. Finn exhibited very negative attitudes toward her continuing to teach at the Perkins Local School District.

33. On information and belief Defendant Dr. James P. Gunner and Defendant Stephen P. Finn took both separate and action in concert to force the Plaintiff to retire from her position as a teacher because of age, disability and in retaliation for taking protected activity.

34.     In January 2009, Plaintiff received notice that she was to be evaluated for the
        third time in the preceding seven months.

35.     On or about March 3, 2009, Plaintiff was notified yet again that she would be
        evaluated the next week.

36.     Upon receiving this notification, Plaintiff contacted her Perkins Educational
        Association representative, John Gerber, and requested that he file a grievance
        on her behalf with respect to the excessive number of evaluations to which she
        was being subjected.

37.     Immediately after expressing her intent to pursue a grievance, Plaintiff
        received a letter from Finn demanding that she account for her whereabouts
        during two class periods on February 25, 2009; Plaintiff was
        contemporaneously verbally informed that unnamed witnesses claimed to
        have seen her at a local fast food restaurant during the time in question.

38.     On March 8, 2009, Plaintiff provided the requested account in writing,
        denying that she had been at the restaurant and explaining that she had been
        testing her sugar level via glucometer and injecting herself with insulin in her
        car in the school parking lot.

39.     Plaintiff's prompt response was entirely ignored, with Finn sending her
        another letter on March 15, 2009, indicating that "Since I have not received
        the written response from you…I have no choice but to notify Superintendent,
        Mr. Jim Gunner, Perkins Local Schools of this situation."

40.     Based upon this allegation and explicitly without consideration of Plaintiff's
        explanation, Superintendent Gunner imposed a three-day unpaid suspension

on April 2, 2009, bypassing the suspension with pay step of the progressive discipline policy as set forth in the *Collective Bargaining Agreement between the Perkins Educational Association and the Perkins Board of Education*.

41.     On April 7, 2009, Plaintiff requested from Perkins Local Schools a copy of her personnel file; upon reviewing the file, she discovered that a number of documents had been placed therein without notice and an opportunity to respond as required by the *Collective Bargaining Agreement between the Perkins Educational Association and the Perkins Board of Education*.

42.     Plaintiff was suspended without pay from August 25, 2009 to September 11, 2009 based on "an ongoing problem" consisting of "the unprofessional conduct of falling asleep," again without any of the witnesses thereto having bothered to obtain contemporaneous verbal confirmation that she was actually asleep and did not merely appear to be so.  Further, Perkins ordered Plaintiff to undergo a psychological examination.

43.     On or about March 19, 2010, Plaintiff was engaged in a discussion with her class regarding yellow journalism; as an example of same, Plaintiff referred in passing to Playgirl Magazine.

44.     On March 29, 2010, upon arriving for her teaching duties, Plaintiff was presented with a letter characterizing the above as "inappropriate discussions with your high school social studies class regarding pornography" and suspending her without pay, effective immediately.

45.     On April 1, 2010, Plaintiff met with her Perkins Educational Association representative and Superintendent Gunner, who informed her of his intention

to recommend to the Perkins Board of Education at its next meeting on April 14, 2010 that Plaintiff's teaching contract be terminated based on the classroom discussion in which she had mentioned Playboy Magazine and the purported incidents of Plaintiff falling asleep during school hours.

46.     On April 4, 2010, Plaintiff spoke with Lisa Crescimano, Treasurer of the Perkins Board of Education, who informed her that the Board intended to terminate her teaching contract, despite the fact that the matter was ostensibly not presented to the Board until its meeting on April 14.

47.     Crescimano's statement proved prescient, as the Board did in fact adopt a resolution terminating Plaintiff's teaching contract at its April 14, 2010 meeting.

48.     Plaintiff was informed of the Board's decision via a letter from the Board, signed by Crescimano, the next day, April 15, 2010.

49.     Upon receiving notice of the Board's intent to terminate her employment, Plaintiff requested a hearing under Sections 3319.16 and 3319.161 of the Ohio Revised Code, which hearing was held on July 21-22 and August 11-12 of 2010 before referee Harry Taitch.

50.     After the conclusion of the hearing, on October 9, 2010, the Report and Recommendation of the Referee was issued, concluding that Plaintiff's termination for cause was appropriate under the circumstances. However, this forum was not appropriate to raise the civil rights claims in this Complaint so not all the evidence was presented.

51.  Subsequently, during a board meeting held on November 10, 2010, the Board of Education terminated Plaintiff's employment.

## COUNT ONE: AGE DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE §§ 4112.14 AND 4112.99

52.  Plaintiff hereby incorporates by reference each and every preceding allegation as if fully set forth herein.

53.  Plaintiff was within the protected age category, being over forty years of age, when the relevant conduct complained of occurred.

54.  Plaintiff was replaced and denied job opportunities by substantially younger individual.

55.  Age was a substantial or motivating factor in the decision to terminate Plaintiff's employment.

56.  Defendants' actions and inactions violated plaintiff's rights under Ohio Revised Code §§4112.14 and 4112.99, which prohibit discrimination in employment in Ohio due to age which as a direct and proximate result of Defendants unlawful conduct, as more fully described above, Plaintiff suffered emotional pain and suffering, humiliation, mental anguish, harm to her emotional well being, and a loss of life's pleasures, and claim is made therefor.

57.  Since  the defendants have discriminated on the basis of age against the plaintiff, the court has the authority to order an appropriate remedy which shall by statutory mandate include reimbursement to the employee for the costs, including reasonable attorney's fees, of the action,  reinstate the

Plaintiff to her former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action.

**COUNT TWO:  REFUSAL TO MAKE A REASONABLE ACCOMMODATION FOR A DISABILITY IN VIOLATION OF OHIO REVISED CODE CHAPTER 4112**

58.     Plaintiff hereby incorporates by reference each and every preceding allegation as if fully set forth herein.

59.     Plaintiff repeatedly alerted Defendants to her disability, therefore, Defendants were aware that Plaintiff had a disability covered under Ohio law, which has been interpreted using the EEOC's regulations 29 C.F.R. Sec. 1630.2 (i)-(j), and the EEOC's Interpretive Guidance, 56 Fed. Reg. 35, 741-35, 742 (1991).

60.     Defendants failed to grant the reasonable accommodations and did not implement the reasonable accommodations they had agreed to; instead the defendants just terminated the Plaintiff because of  the disability from her employment.

61.     Defendants' actions were illegal and constitute discrimination against Plaintiff in relation to the terms, conditions, and privileges of employment in violation of the provisions of  42 U.S.C. § 12112(a),  42 U.S.C. § 12112(b)(5)(A) and Ohio Revised code §4112.02 (A) , for which Defendants  are liable to Plaintiff for equitable relief and damages made necessary by such unlawful conduct.

**COUNT THREE: PLAINTIFF'S TERMINATION WAS RETALIATORY IN VIOLATION OF ADA AND THE OHIO REVISED CODE CHAPTER 4112**

62.     Plaintiff hereby incorporates by reference each and every preceding allegation as if fully set forth herein.

63.     Plaintiff has taken protected activity by requesting a reasonable
        accommodation and filing a charge of discrimination under Ohio Revised
        Code § 4112.02.(I) and Americans with Disabilities Act of 1990, as amended
        42 U.S.C. §1203(a).

64.     Plaintiff's by requesting a reasonable accommodation and  the filing a charge
        of discrimination played a substantial or motivating factor in her being
        terminated by the Defendants.

65.     These actions violated Ohio Revised Code § § 4112.02 and 4112.99 and the
        Americans with Disabilities Act of 1990, as amended 42 U.S.C. §1203(a)
        making Defendants liable to the Plaintiff.

**COUNT FOUR: INTENTIONAL INFLICTION OF EMOTION DISTRESS**

66.     Plaintiff hereby incorporates by reference each and every preceding allegation
        as if fully set forth herein.

67.     Defendant Dr. James P. Gunner and Defendant Stephen P. Finn, as employees
        of Defendant Perkins Board of Education, acted willfully and maliciously,
        with spite and ill will, and/or with reckless disregard for Mrs. Smith's legal
        rights, that had a great probability of causing, and did cause, substantial
        emotional harm.

68.     Defendants owed Mrs. Smith a duty to refrain from intentionally injuring her
        even though she continued to refuse to retire as a teacher..

69.     Defendants. James P. Gunner and Defendant Stephen P. Finn through their
        conduct and other individuals acting as their agents, beginning after
        November of 2008 and until April 2010, conducted a campaign to harass Mrs.

Smith being extreme, outrageous and intentionally invasive of her mental and emotional tranquility breaching their duty to Mrs. Smith.

70. Defendants' intentional actions, as set forth above, proximately caused serious emotional distress to Mrs. Smith in the form of, but not limited to, emotional trauma, anxiety, nervousness, embarrassment, mental anguish, loss of self esteem, loss of self-control and awareness, and harm to her  reputation, and all damages referenced herein.

71. As a result of Defendants' wrongful conduct, Mrs. Smith has suffered and will continue to suffer damages. Defendants' conduct evidences a conscious disregard for the rights and/or safety of Mrs. Smith that had a great probability of causing substantial damages, thereby rendering Defendant. James P. Gunner and Defendant Stephen P. Finn liable for punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

A) Declaratory and injunctive relief declaring the above complained of actions to be contrary to law and permanently enjoining Defendant Board of Education from such conduct in the future;

B) Reinstatement with all accrued benefits and backpay as if Plaintiff had never been discharged, or in the alternative, an award of front pay;

C) Compensatory damages to compensate Plaintiff in an amount ONE MILLION DOLLARS ($1,000,000)  for her mental distress and anguish caused by the actions of the Defendants;

D)      Punitive damages against joint and severally against Defendants. James P.

        Gunner and Defendant Stephen P. Finn for their willful, wanton, and

        egregious conduct, in an amount TWO HUNDRED THOUSAND

        DOLLARS ($200,000) ;

E)      An award of costs;

F)      An award of attorneys' fees;

G)      Pre- and Post- judgment interest on all sums awarded; and

H)      Any such other relief as this Court finds equitable and just.

                                        Respectfully submitted,


                                        /s/  EDWARD G. KRAMER
                                        EDWARD G. KRAMER (0024873)
                                        KRAMER & ASSOCIATES, L.P.A.
                                        3214 Prospect Avenue East
                                        Telephone: (216) 431-5300 x 106
                                        Facsimile: (216) 431-6149
                                        Email: kramere7@aol.com




                              **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all claims triable to a jury.

                                         /s/  EDWARD G. KRAMER
                                        Edward G. Kramer, Esq.