EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | |
| _X_ EEOC | 471-2010-01950 |

Ohio Civil Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Carol Smith | (419) 626-0620 | 08/15/1938 |

| Street Address | City, State and ZIP Code |
|---|---|
| 217 Michigan Avenue | Sandusky, Ohio 44870 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Perkins Local Schools | More than 300 | (419) 625-0484 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1210 East Bogart Road | Sandusky, Ohio 44870 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

___ RACE ___ COLOR ___ SEX ___ RELIGION ___ NATIONAL ORIGIN

___ RETALIATION ___ AGE [X] DISABILITY ___ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09/29/2008  Latest: 06/05/2009

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s)):*

2010 MAR -2 A 11:14
DETROIT DIST. OFFICE
EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>Carol A. Smith |
| 3-25-2010 Carol A. Smith<br>Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>3/25/2010 |

## GOVERNMENT OF THE UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

In the Matter of:     Carol Smith v. Perkins Local Schools

Docket Number:

### COMPLAINT

1.     The Complainant herein is:

    NAME:     Carol Smith

    ADDRESS:     217 Michigan Avenue
                        Sandusky, Ohio 44870

2.     The Respondent is:

    NAME:     Perkins Local Schools

    ADDRESS:     1210 East Bogart Road
                        Sandusky, Ohio 44870

3.     Complainant alleges that Respondent violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), as amended by the ADA Amendments Act of 2008, P.L. 110-325 ("ADAAA"), and the Ohio Civil Rights Act of 1959, O.R.C. 4112.01, et seq., as follows:

    a.     From August 25, 2009 to September 2, 2009 Complainant was suspended without pay on the basis of her disability.

        (1)     Complainant commenced employment with Respondent in or around September of 1976.

        (2)     In or around 1980, Respondent issued Complainant a continuing contract to perform teaching duties at Perkins High School, located at 3714 South Campbell Street, Sandusky, Ohio 44870.

        (3)     At various times thereafter, Complainant's responsibilities were periodically increased to include teaching duties at Perkins Middle School, located at 3700 South Avenue, Sandusky, Ohio 44870.

        (4)     Complainant has been diagnosed with diabetes, a condition which she has had for approximately seventeen (17) years.

(5)  At all relevant times hereto, and throughout her tenure of employment with Respondent, Complainant was qualified to perform the duties of her positions and carried out such duties in a satisfactory manner.

(6)  By way of illustration and amplification, throughout her employment with Respondent, Complainant consistently received favorable performance reviews and salary increases commensurate with her tenure.

(7)  On September 29, 2008, Complainant received notice of a disciplinary conference to be held with regard to incidents in which Respondent alleged she was found to be sleeping on school premises during the school day.

(8)  Complainant in fact was not sleeping during any of the purported incidents but rather was exhibiting symptoms of high blood sugar due to her diabetic condition.

(9)  The next day, September 30, 2008, Complainant promptly furnished a letter from her healthcare provider to Respondent documenting her disability and explaining its symptoms.

(10) Nevertheless, on October 6, 2008, Respondent placed a written reprimand predicated on the alleged incidents in Complainant's personnel file.

(11) Further, on October 8, 2008, Complainant received a memorandum informing her of a scheduled evaluation, first of the many that would be conducted during the time period pertinent hereto in excess of the number of evaluations permitted for teachers on continuing contracts under the *Collective Bargaining Agreement between the Perkins Educational Association and the Perkins Board of Education.*

(12) On October 14, 2008, Complainant, by and through counsel, submitted a written rebuttal to be placed in her personnel file with the reprimand.

(13) On the same date, Complainant, by and through counsel, formally requested in writing that reasonable accommodation be made for her disability pursuant to 42 U.S.C. 12101, et seq., and O.R.C. 4112.02(G), to wit:

(a) that staff members and administrators of Respondent who work directly or in association with Complainant be made familiar with the symptoms of diabetes;

(b) that if an individual observes Complainant appearing to be asleep, that individual approach her and ask if she requires assistance;

(c) that if Complainant responds affirmatively, she be assisted in obtaining water, juice, or candy to help adjust her blood sugar;

(d) that if Complainant does not respond, emergency medial assistance be summoned; and

(e) that Complainant be provided with five- to ten-minute breaks as necessary to inject herself with insulin.

(14) On November 18, 2008, Respondent responded to Complainant's request for an accommodation as follows:

(a) Complainant may keep snacks in the classroom and is permitted to inject herself with insulin in the event of an emergency if she first calls the office, waits for classroom coverage to arrive, and proceeds to the nurse's office to perform the injection;

(b) Information will be provided to staff and to Complainant's students regarding diabetes, warning signs, and symptoms of low and high blood sugar levels.

(15) Respondent's purported accommodation conspicuously failed to address Complainant's request that verbal confirmation be obtained in the event that she appears to be asleep; rather, the response specifically states that "further episodes of disorientation [or] sleepiness...would be treated as grounds for disciplinary action."

(16) Further, Respondent failed to disseminate information on Complainant's disability as it had agreed, instead informing Complainant that it was her responsibility to do so.

(17) In or around January of 2009, Complainant received notice that she was to be evaluated for the third time in the preceding seven months.

(18) Complainant requested that her union representative, John Gerber, file a grievance on her behalf with respect to the excessive number of evaluations that were being conducted in order to uncover pretext for subjecting her to adverse employment action on the basis of her disability.

(19) Gerber failed to respond to Complainant's request or to pursue the grievance.

(20) On or about March 3, 2009, Complainant was notified yet again that she would be evaluated the following week; again she requested that a grievance be filed and again Gerber took no action.

(21) Two days later, on March 5, 2009, Complainant received a letter from Perkins Middle School Principal Stephen Finn demanding that she account for her whereabouts during two class periods on February 25, 2009; Complainant was contemporaneously verbally informed that witnesses claimed to have seen her at a local fast food restaurant during the time in question.

(22) Complainant provided the requested account in writing on March 8, 2009, explaining that she had been testing her sugar level via glucometer and injecting herself with insulin.

(23) Despite this prompt response, on March 15, 2009, Complainant received another letter from Finn stating that "Since I have not received the written response from you…I have no choice but to notify Superintendent, Mr. Jim Gunner, Perkins Local Schools of this situation."

(24) Based upon this allegation, and explicitly without consideration of Complainant's explanation, Respondent imposed a three-day unpaid suspension on April 2, 2009, bypassing the suspension with pay step of its progressive discipline policy.

(25) Complainant again requested that John Gerber grieve the suspension on her behalf but received a noncommittal response and the grievance was not pursued.

(26) On April 7, 2009, Complainant requested from Respondent a copy of her personnel file; upon reviewing the file she discovered that a number of documents had been placed therein without notice and an opportunity to respond in violation of the Collective Bargaining Agreement.

(27) Complainant again requested that a grievance be filed on her behalf and again received no response from Gerber.

(28) Finally, Complainant was suspended without pay from August 25, 2009 through September 2, 2009 based upon "an ongoing problem" consisting of "the unprofessional conduct of falling asleep," again without any of the witnesses thereto having bothered to obtain contemporaneous verbal confirmation that she was actually asleep and did not merely appear to be so. Respondent further ordered Complainant to undergo a psychological examination.

(29) The actions of Respondent herein, specifically including but not limited to the imposition of suspensions and the harassing conduct to which Complainant has been subjected, constitute adverse employment actions.

(30) Complainant's disability was a motivating factor in each of the adverse employment actions described herein, and but for Complainant's disability she would not have been subjected to such actions.

(31) Respondent fabricated bases for subjecting Complainant to adverse employment actions based upon her disability.

(32) Respondent's articulated bases for subjecting Complainant to adverse employment actions are pretext, the true motivation being her disability.

(33) The actions and inactions also violated 42 U.S.C.A. § 12203(b) since they were an attempt to interfere, coerce and intimidate the Complainant for her requesting reasonable accommodations.

b. Complainant is presently facing termination of employment based upon her disability, retaliation and interference, coercion, or intimidation

(1) On or about March 26, 2010, Complainant was engaged in a discussion with her class regarding sensationalistic journalism; as an example of same, Complainant referred in passing to Playboy magazine.

(2) On March 29, 2010, upon arriving for her teaching duties, Complainant was presented with a letter characterizing the above as "inappropriate discussions with your high school studies class regarding pornography" and suspending her with pay effective immediately.

(3) Respondent's gross mischaracterization of the discussion in question is merely another pretext for subjecting Complainant to adverse employment actions based upon her disability.

(4) A disciplinary hearing regarding the matter is set for April 1, 2010