Oh. Empl. Prac. L. § 21:22 (2010-2011)

Baldwin's Ohio Handbook Series
Ohio Employment Practices Law
Current through the 2010-2011 Edition

Bradd N. Siegel and John M. Stephen

Chapter 21. Affirmative Defenses to Wrongful Discharge Claims

### § 21:22. Wrongful discharge—Full faith and credit

In *Kremer v. Chemical Construction Corp.*,[FN1] the issue was whether a state court decision upholding a state civil rights agency's dismissal of a discrimination charge on the grounds that it lacked merit was entitled to res judicata or collateral estoppel effect in a subsequent Title VII action. The United States Supreme Court held that, because 28 U.S.C.A. § 1738 requires federal courts to give state court judgments "full faith and credit,"[FN2] the state court judgment affirming the dismissal of the plaintiff's state law discrimination claim was entitled to res judicata or collateral estoppel effect in his subsequent Title VII action.[FN3] However, the Court in *Kremer* suggested that unreviewed administrative determinations would not be entitled to similar effect. In 1986, in *University of Tennessee v. Elliott*,[FN4] the Court expressly held that unreviewed state administrative decisions are not entitled to res judicata or collateral estoppel effect in Title VII actions, reasoning that, by its terms, the full faith and credit provisions of 28 U.S.C.A. § 1738 apply only to state court judgments.[FN5] The Court further concluded that, in enacting Title VII, Congress intended Title VII claimants to have a trial de novo on their Title VII claims.

The Court reached a different result in *Elliott* with regard to the plaintiff's additional claims under the Reconstruction Era civil rights statutes.[FN6] While acknowledging that 28 U.S.C.A. § 1738 itself does not compel that full faith and credit be given to unreviewed decisions of administrative agencies and applies only to court judgments, the Court nevertheless concluded that, because there is no indication that Congress similarly intended to guarantee plaintiffs a trial de novo of Reconstruction Era civil rights claims, decisions by a state agency acting in a quasi-judicial capacity are entitled, under principles of federal common law, to the same preclusive effect with regard to such claims as those decisions would have under state law.[FN7]

In *Astoria Federal Savings and Loan Ass'n v. Solimino*,[FN8] the Court also held that judicially unreviewed age discrimination claims did not preclude subsequent action under the ADEA.[FN9]

[FN1] Kremer v. Chemical Const. Corp., 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982).

[FN2] 28 U.S.C.A. § 1738 states as follows:
The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
See Hapgood v. City of Warren, 127 F.3d 490, 25 A.D.D. 11, 1997 FED App. 286P (6th Cir. 1997); cf. Musa v. Gillett Communications, Inc., 119 Ohio App. 3d 673, 696 N.E.2d 227 (8th Dist. Cuyahoga County 1997) (state courts use federal principles of res judicata in determining preclusive effect of earlier federal court judgment); Delgos v. Mitek Industries, Inc., 2001-Ohio-3378, 2001 WL 1667854 (Ohio Ct. App. 7th Dist. Mahoning County 2001) (applying full faith and credit clause to give res judicata effect, under Pennsylvania law, to prior Pennsylvania state court decision); Mitchell v. Trumbull Mem. Hosp., 23 Fed.Appx. 494, 495, 2001 WL 1557012 (6th Cir. 2001) (holding that federal courts must give same preclusive effect to previous state court judgement that such judgement would receive in courts of rendering state. Thus, ADA action barred by claim preclusion because of earlier claim of employment discrimination).

[FN3] See also Smith v. Sushka, 117 F.3d 965, 38 Fed. R. Serv. 3d 435, 1997 FED App. 197P (6th Cir. 1997) (factual issues decided by state agency and reviewed by state courts are given issues preclusive effect in subsequent federal action); Zanders v. National R.R. Passenger Corp., 898 F.2d 1127 (6th Cir. 1990) (plaintiff's Title VII claim barred by res judicata where plaintiff had relied on Title VII public policy defense in earlier state court proceeding brought by her former employer to enforce termination agreement); Robey v. United Parcel Service, Inc., 2001 WL 1678782 (S.D. Ohio 2001) (applying full faith and credit clause and ruling that plaintiff's disability claim was barred by prior decision of OCRC that had been affirmed by Ohio court of common pleas).

[FN4] University of Tennessee v. Elliott, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635, 32 Ed. Law Rep. 1257 (1986).

[FN5] See Stallings v. Goshen Dairy Stores, Inc., 89 F.3d 835 (6th Cir. 1996); Zanders v. National R.R. Passenger Corp., 898 F.2d 1127 (6th Cir. 1990).

[FN6] The plaintiff's complaint also included claims under 42 U.S.C.A. § 1981, 42 U.S.C.A. § 1985, 42 U.S.C.A. § 1986, and 42 U.S.C.A. § 1988, as well as claims under the First, Thirteenth, and Fourteenth Amendments.

-

[FN7] University of Tennessee v. Elliott, 478 U.S. 788, 106 S. Ct. 3220, 92 L. Ed. 2d 635, 32 Ed. Law Rep. 1257 (1986). In so holding, the Court relied on its decision in U.S. v. Utah Const. & Min. Co., 384 U.S. 394, 422, 86 S. Ct. 1545, 16 L. Ed. 2d 642 (1966), which approved the application of collateral estoppel when an administrative agency "acting in a judicial capacity … resolve[s] disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." In 1999, the Southern District of Ohio gave preclusive effect to a public school board's termination decision in a teacher's § 1981 and § 1983 action, even though the board's decision was not judicially reviewed. See Featherstone v. Columbus Public Schools, 39 F. Supp. 2d 1020, 134 Ed. Law Rep. 152 (S.D. Ohio 1999). The court found that the board's termination hearing was judicial in nature, provided for adequate state appellate review and would have been given preclusive effect by Ohio courts. But cf. Lytle v. Household Mfg., Inc., 494 U.S. 545, 110 S. Ct. 1331, 108 L. Ed. 2d 504, 16 Fed. R. Serv. 3d 1 (1990) (adverse Title VII determination by court not res judicata as to § 1981 claim since employee entitled to jury trial with respect to such claims).

-

[FN8] Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991).

-

[FN9] Thomas v. Contoocook Valley School Dist., 150 F.3d 31, 128 Ed. Law Rep. 78 (1st Cir. 1998) (unreviewed state agency findings are not entitled to any preclusive effect in subsequent action under Title VII, ADEA, or ADA); Rao v. County of Fairfax, Va., 108 F.3d 42 (4th Cir. 1997); Dici v. Com. of Pa., 91 F.3d 542 (3d Cir. 1996); but see Crossroads Cogeneration Corp. v. Orange & Rockland Utilities, Inc., 159 F.3d 129 (3d Cir. 1998) (unreviewed fact findings and legal conclusions by state public utility commission given preclusive effect).

-