IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CAROL ANN SMITH,**                        Case Number 3:11 CV 560

    Plaintiff,

    v.                                              Magistrate Judge James R. Knepp, II

**PERKINS BOARD OF EDUCATION**

    Defendant.                            MEMORANDUM OPINION AND ORDER

### BACKGROUND

At the close of Plaintiff's case, and again at the conclusion of the trial before the case was submitted to the Jury, Defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a).

In its motion, made orally on the record and supplemented with a memorandum in support (Doc. 146), Defendant asserts several grounds for relief. First, it claims neither of Plaintiff's claimed visual or mobility impairments meet the definition of a "disability" under the ADA. Second, it claims even if those impairments constitute disabilities under the ADA, Plaintiff failed to request accommodation for her light sensitivity or mobility deficiency. Finally, Defendant asserts that Plaintiff's diabetes, to the extent it constituted a disability under the ADA, was properly accommodated, and that Plaintiff never complained that the accommodations provided were insufficient. Plaintiff responded orally and with a memorandum in opposition. (Doc. 149).

**DISCUSSION**

Fed. R. Civ. P. 50 (a) provides that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would have a legally insufficient evidentiary basis to find for the party on that issue, the court may (1) resolve the issue against that party; and (2) grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law can be maintained or defeated only with a favorable finding on that issue.

**Light Sensitivity**

Defendant claims Plaintiff's alleged light sensitivity does not rise to the level of a disability under the ADA. However, this issue is moot because the jury did not find a violation of the ADA on account of Plaintiff's light sensitivity. In its answer to Interrogatory 2(A), the Jury responded that it did not find that Defendant was aware of the need to accommodate Plaintiff due to a visual disability. Pursuant to the Court's Instructions and the Interrogatory Instructions, this finding was fatal to Plaintiff's ability to prove a violation of the ADA on account of the claimed visual disability. Defendant's motion, as to claims pertaining to the visual impairment, is therefore denied as moot.

**Mobility**

At this juncture, and without prejudice to Defendant's ability to contend otherwise in a motion under Rule 50(b) armed with the transcript and additional legal research, when viewing the evidence in the light most favorable to Plaintiff, the Court is unable to conclude that no reasonable jury could find that Plaintiff's disability substantially limited one or more life activities. Testimony was adduced that Plaintiff was morbidly obese, suffered from pain in her knees, and was otherwise less than able to walk significant distances or climb stairs in the same manner as would most people in the general population.

As to Defendant's contention that it was not aware of her claimed mobility disability, there was testimony that Plaintiff displayed a handicapped placard and availed herself of reserved handicapped parking at the school; she requested that her classes be placed on the same floor so she would not need to navigate stairs during the short recess between class periods; and a wheelchair was made available to her by her principal to assist her in more quickly vacating the building in the event of an emergency.  Thus, Defendant's motion, premised upon shortcomings in the evidence in support of Plaintiff's claims founded upon her alleged mobility impairment, is denied.

**Diabetes**

Defendant maintains Plaintiff's diabetes was properly accommodated and Plaintiff never complained the accommodations were insufficient or were not being implemented.  The Court's recollection is that Plaintiff testified at some length about her lack of adequate time and place to attend to her diabetic needs. Plaintiff testified sometimes building staff did not accommodate her need for coverage of her class in order for her to leave to administer an injection.  She recalled one instance where she was suffering from high blood sugar, called for assistance and none came before she urinated on herself.   There was evidence of multiple times when Plaintiff was unable to utilize the nurse's office which had been offered as a location for her to attend to her diabetic testing and medication.  She also described the inconvenient and unsanitary manner in which she was required to test her blood glucose and administer insulin on the floor of a bathroom.

While Defendant certainly offered testimony that Plaintiff never complained about the conditions or the need for implementation or modification of the agreed upon accommodations, this testimony was not uncontroverted.  Thus, at this juncture, the Court is unable to determine Defendant's entitlement to judgment as a matter of law on this basis.

## CONCLUSION

Without prejudice to Defendant's ability to raise any of these issues following the preparation of a transcript of the trial and upon further argument, Defendant's Motion for Judgment as a Matter of Law made at the conclusion of Plaintiff's case and renewed before the case was submitted to the Jury is DENIED.

IT IS SO ORDERED.

s/James R. Knepp, II<br>
United States Magistrate Judge